IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:23-CV-00133-KDB-DCK

| | |
|---|---|
| GEORGE WILLIAM MCCRIMMON, <br><br> Plaintiff, <br><br> v. <br><br> ESSENCE WAGONER STAMPER, GARY BENJAMIN STAMPER, AND ZACH JENNINGS, <br><br> Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Defendants Essence Wagoner Stamper's and Gary Benjamin Stamper's Motion to Dismiss and Defendant Zach Jennings' Motion to Dismiss (Doc. Nos. 7, 11). This case arises out of an automobile accident that occurred in September 2016. *See* Doc. No. 2 at 4. In August 2023, Plaintiff filed his Complaint against the Defendants alleging that they violated his rights under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 42 U.S.C. § 1983. Defendants filed their respective motions to dismiss in September 2023. After Plaintiff failed to respond to either motion, the Magistrate Judge assigned to the case issued a Roseboro Order on October 11, 2023, directing Plaintiff to respond to Defendants' Motions to Dismiss by November 9, 2023. *See* Doc. No. 14. The Magistrate Judge issued a second Roseboro Order on January 3, 2024 (after Plaintiff failed to respond to the first Order) and directed Plaintiff to respond to the Motions to Dismiss by February 1, 2024. *See* Doc. No. 18.

1

As of February 26, 2024, Plaintiff still has not replied to the Motions to Dismiss, and so the Court will grant the motions and dismiss this case.[1]

## I. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendants Essence Wagoner Stamper and Gary Benjamin Stamper's Motion to Dismiss (Doc. No. 7) is **GRANTED;**

2. Defendant Zach Jennings' Motion to Dismiss (Doc. No. 11) is **GRANTED;** and

3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: February 26, 2024

Kenneth D. Bell
United States District Judge

---

[1] The Court also notes that Plaintiff did not allege any of the Defendants were federal officers, therefore failing to state a claim under *Bivens*. For the Section 1983 claim, the Court applies "the statute of limitations for personal injuries of the state in which the alleged violation occurred." *DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). N.C. Gen. Stat. § 1-52 provides that personal injury suits have a three-year statute of limitations. Thus, to have brought a viable claim, Plaintiff needed to have filed this suit within 3 years of the original injury that occurred in September 2016.